UNITED STATES of America, Plaintiff—Appellee,

v.

Roderick Keith MCDONALD, a/k/a Keith McDonald, Defendant— Appellant.

No. 05–50128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2006.

Filed April 25, 2006.

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Donald F. Gaffney, Keith E. Smith, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Clifford J. Rosky, Esq., Covington & Burling, San Francisco, CA, Robert A. Long, Jr., Esq., Covington & Burling, Washington, DC, for Defendant–Appellant.

Before: BRIGHT,* PREGERSON, and, ALARCÓN Circuit Judges.

## MEMORANDUM **

Roderick Keith McDonald appeals from the judgment and the District Court's sentencing decision entered following his conviction by a jury for mail fraud depriving the public of the right of honest services of a public official, 18 U.S.C. §§ 1341 and 1346, bribery concerning government receiving federal funds, 18 U.S.C. § 666, conspiracy to commit extortion under color of official right, 18 U.S.C. § 1951, and money laundering, aiding and abetting, 18 U.S.C. § 1956(a)(1)(B)(i). He argues that (1) the denial of his motion to transfer the trial of this matter to the Western Division of the Central District of California violated the District Court's General Order 95–2 regarding venue of criminal cases and his right to due process; (2) the jury instructions regarding his conspiracy conviction were flawed; (3) the evidence was insufficient to convict him of money laundering; (4) the evidence was insufficient to convict him of mail fraud; and (5) the District Court erroneously grouped his convictions in determining the sentencing range under the Sentencing Guidelines. We affirm.

## I

Mr. McDonald argues that holding his trial in the Southern Division of the Central District of California violated the District Court's General Order 95–2. We review a denial of a motion to transfer venue

for abuse of discretion. *United States v. Etsitty*, 130 F.3d 420, 424 (9th Cir.1997).

We need not determine whether the denial of the motion violated General Order 95–2 because Mr. McDonald has failed to demonstrate that he was prejudiced by the denial of his motion. *Cf. United States v. Berberian*, 851 F.2d 236, 240 (9th Cir.1988) ("Retrial for violation of local rules on assignment of judges is not warranted unless the [defendant] can show prejudice.").

▇ Regarding his due process claim, Mr. McDonald has failed to demonstrate that the Government had a discriminatory purpose in seeking an indictment in the Southern Division. *See Etsitty*, 130 F.3d at 425 ("In the absence of factual support in the record, assertions made in briefs simply do not suffice."). Additionally, he did not raise his claim properly in the District Court. *See United States v. Bushyhead*, 270 F.3d 905, 910 n. 2 (9th Cir.2001) (regarding the appellant's claim that the venue in which he was tried lacked Native American voters, stating, "[n]ot only does [defendant] seek to make this argument for the first time on appeal, he also seeks to support it with an affidavit prepared while this case was on appeal. Because this argument was not timely raised and supported, we do not consider it.").

## II

▇ Mr. McDonald also contends that the jury instructions for the conspiracy to commit extortion charge failed to specify that the defendant must have taken money from "another person" outside of the conspiracy. The District Court's instructions

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to the jury regarding the elements of a crime are reviewed *de novo*. *United States v. Phillips,* 367 F.3d 846, 854 (9th Cir.2004).

We conclude that taken as a whole, the jury instructions were not misleading. *United States v. Moore,* 109 F.3d 1456, 1465 (9th Cir.1997) (en banc). The challenged instruction that listed the elements of the offense omitted a critical word: "another." Later on, however, the court defined "extortion under color of official right" "to require that the money or thing of value come from 'another.'" In light of these instructions, it is unlikely that the jury was misled.

### III

■ Mr. McDonald further argues that the Government failed to offer sufficient proof that he engaged in money laundering and mail fraud. "Claims of insufficient evidence are reviewed *de novo*." *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004). A conviction is supported by sufficient evidence if, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Weber,* 320 F.3d 1047, 1050 (9th Cir.2003).

Mr. McDonald's conviction for money laundering was supported by sufficient evidence. He argues that the payments deposited with Business Affairs Management ("BAM") from Luster National were not proceeds from prior, separate criminal activity. Nevertheless, the Government produced evidence that the payments made to BAM were the proceeds of Mr. McDonald's solicitation of a bribe from Luster National. *See United States v. Savage,* 67 F.3d 1435, 1442 (9th Cir.1995) (concluding that "proceeds of specified unlawful activi-

ty" element was satisfied when completed act of fraud precipitated transfer of funds).

Mr. McDonald maintains that the Government failed to prove that he was trying to conceal the source of the payment. He submits that one of the checks BAM sent him contained a notation that it was from Luster National. The record shows that the Government met its burden. It produced evidence that Mr. McDonald instructed BAM to issue him a false 1099 attributing the payments to consulting fees.

### IV

■ Mr. McDonald's conviction for mail fraud was also supported by sufficient evidence. He argues that the Government failed to prove that his decision making on the Water District Board was affected by the campaign contribution at issue and that a violation of state disclosure law cannot form the basis of a federal prosecution for mail fraud. The Government does not have to prove that Mr. McDonald's decision making was affected by the campaign contribution. "A public official's non-disclosure of material information has ... been held to satisfy the fraud element." *United States v. Bohonus,* 628 F.2d 1167, 1171 (9th Cir.1980). Here, Mr. McDonald failed to disclose the true source of the campaign contribution. That the duty to disclose the source of the contribution arose from state law does not preclude its forming the basis of a scheme to defraud. *See United States v. Washington,* 688 F.2d 953 (5th Cir.1982) (holding that a violation of state law may be relevant to whether the mail fraud statute was violated). In addition to violating state law, Mr. McDonald instructed Laura Chao to create a fake invoice for Ocean Sky's receipt of the payment, and to issue him an IRS 1099 falsely indicating that the payment was for Mr. McDonald's consult-

ing services. This is sufficient to demonstrate a scheme to defraud.

## V

Mr. McDonald contends that the District Court should have grouped his conviction for conspiracy to commit extortion with the remaining counts of conviction. A defendant's overall sentence is reviewed for reasonableness. *United States v. Jennings,* 439 F.3d 604, 607 (9th Cir.2006). "[W]ithin the reasonableness inquiry the district court's interpretation of the Sentencing Guidelines is a question of law which is subject to de novo review, while factual determinations made in the course of applying the guidelines are reviewed for clear error." *Id.* (internal quotations and citations omitted).

Section 3D1.2 of the Sentencing Guidelines states that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." "Counts involve substantially the same harm within the meaning of this rule ... [w]hen counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." The District Court did not clearly error in concluding that Mr. McDonald's conviction for conspiracy to commit extortion did not involve the same victim as his other convictions. Transportation Concepts was a victim of the conspiracy, but not the remaining counts. The sentence Mr. McDonald received was reasonable.

**AFFIRMED.**